DAVID GOODWILLIE *et al.*

*v.*

THE CITY OF LAKE VIEW.

*Filed at Ottawa March 30, 1891.*

1. SPECIAL ASSESSMENTS—*for local public improvements—basis of the assessment—benefits as the limit.* In an original proceeding for special assessment of benefits, under the statute, an estimate must be made in the manner required by section 20, of article 9, of the City and Village act, as otherwise there can be no basis for the gross amount to be assessed, or for its apportionment to or upon lots and tracts of land benefited.

2. But where the proceeding is by supplemental petition in the same proceeding in which a condemnation has been or may be had under section 53 of the same article, seeking an assessment to raise an amount necessary to pay the compensation and damages awarded for property condemned, with the costs of the proceeding, the amount of the judgment of condemnation, with the costs of collecting the assessment, will furnish the only proper basis for the assessment of benefits. In such case no estimate under section 20 is contemplated or required.

3. The amount assessed upon a lot or tract of land as special benefits can not exceed the benefits arising thereto by reason of the making of a proposed local improvement. If the amount of benefits equals or exceeds the sum required to be raised, each tract should be assessed its proportionate share of such sum; but if the sum required exceeds the benefits, then each several tract can be assessed only such sum as it is benefited, and the residue must be paid by the city from its corporate funds.

4. SAME—*of a further or second assessment.* Where the sum required to be raised exceeds the aggregate of all the benefits assessed, it will follow that each tract is assessed for all the benefits that will accrue to it by the proposed improvement, and the city will be estopped by the proceeding from again seeking to assess benefits therefor against the same property.

5. And when the assessment is made under section 53, and each tract of land is assessed its full measure of benefits for the purpose of paying the condemnation money and costs in acquiring land for a street, the fact that the city has failed to procure the right to open the street over and across certain lots, and may have to expend further sums of money to acquire such right, will constitute no valid objection to the confirmation of such assessment, as the city, after having, by its supplemental petition, confirmed the judgments in the condemnation cases, and re-

quired the entire benefit to a party's lots by the proposed improvement to be assessed against him, can not again require a further assessment of benefits upon his lots for the same purpose.

6. SAME—*notice—of proceedings to be had.* Before judgment confirming the assessment of benefits there must be a service of notice upon all persons to be affected thereby, and there must be proof of the service. No notice is required to be given of the filing of the petition for the appointment of the commissioners.

7. SAME—*time of filing objections.* In a proceeding under section 53, of article 9, of the City and Village act, for the levy and collection of special assessments with which to pay for land condemned for the extension of a street, all objections, whether pertaining to the amount of benefits assessed, or going to the right to have them assessed, or in any way affecting the validity of the assessment, may be filed upon the return of the report of the commissioners at any time before default is entered.

8. SAME—*pleading and practice.* In a proceeding to levy special assessments no answer or plea is required to be filed by the land owners, nor is any allowable. The objections to the rendition of judgment of confirmation to be filed on the coming in of the report of assessment take the place of formal pleading, and the court may make such order in respect to the filing of objections as may be made in regard to filing pleas in cases at law.

9. SAME—*trial by jury—of the questions to be submitted.* The matters to be submitted to the jury include only the question of benefits. If it appears that the premises of the objectors are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury are to so find, and also the amount the premises should be assessed. No other verdict is required or can be properly returned.

10. Where the objections of a party do not question the amount of benefits returned against his property, it is not proper to submit his assessment to the jury, but if his assessment is not increased he can not avail of the error. In such case the court should pass on such objections, and, if not well taken, and no others are filed by leave, render judgment by default.

11. In case a party's objections to an assessment of his property do not question the amount of the benefits reported, he can not be heard to complain that the court refused to hear evidence in support of his objections before the jury, before the petitioner makes out its case. Such objections not disputing the benefits are addressed solely to the court, and its refusal to hear evidence under them is in effect an overruling of the same, and the decision may be reversed where the rejected evidence is preserved by bill of exceptions.

12. SAME—*orders and judgments—interlocutory and final.* The statute gives the court authority, at any time before final judgment, to modify, alter, change, annul or confirm any assessment returned, or cause it to be recast by the same or different commissioners, and to make all orders necessary to the making of a true and just assessment. It follows from this, that all orders prior to the entry of judgment are interlocutory, and subject to be set aside at any stage of the proceeding, for good cause.

13. If it shall appear, at any time before final judgment, that the precedent steps in the cause are not sufficient to justify the assessment, it will be the duty of the court to set aside the assessment, vacate its previous orders, if improperly entered, and dismiss the supplemental petition showing the amount to be raised, if not properly filed, and no legal right exists to maintain the assessment.

14. SAME—*presumption in support of finding—as to costs.* Where the bill of exceptions does not show that it contains all the evidence upon which the court acted in estimating the probable costs of collecting a special assessment, it will be presumed that there was evidence sufficient to justify the finding of the court.

15. SAME—*injunction—to restrain collection.* A city may levy special assessments for the purpose of opening a public street, before it has acquired, by condemnation or otherwise, all the ground required for the street. In such case, if it is apprehended that the city can not or will not acquire the title, so that the street may be opened, and that the assessment will be expended without corresponding benefit to the public, a court of equity can afford adequate relief.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

On the 15th of November, 1886, the board of trustees of the town of Lake View passed an ordinance extending Lake View avenue, in said town, of the width of fifty feet, from the south line of St. James Place to Fullerton avenue, the east line of said avenue to be the east line of the south-west quarter of section 28, township 40, north, range 14, east of the third principal meridian.

On November 22, 1886, a petition of the town of Lake View was filed in the Superior Court of Cook county, setting forth the ordinance, and praying that just compensation be awarded to the owner or owners of property to be taken or damaged by reason of the contemplated opening of said avenue, to be

ascertained by a jury, and that said petition was filed under and in accordance with article 9 of the City and Village act of 1872, which, it was alleged, had been adopted by the town of Lake View, as provided for in section 34 of said act. The petition set forth a description of the land to be taken or damaged, and the names of the owners, so far as known. There was the usual prayer for process, and that compensation be ascertained.

The ordinance attached to the petition, and introduced in evidence, after ordaining that said avenue be opened, as before mentioned, and directing the filing of the petition for the ascertainment of damages, provides in section 3 : "That said improvements shall be made, and the cost thereof be paid for, by special assessment levied upon the property benefited thereby, to the amount the same may be legally assessed therefor, and the remainder of said cost to be paid for by general taxation, in accordance with article 9 of an act of the General Assembly of the State of Illinois, entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, A. D. 1872."

The appellants, Goodwillie and Goudy, were severally, with others alleged to be owners of certain other lands taken or damaged and particularly described, made defendants and served with process. A separate trial was ordered as to appellant Goudy, and a jury impaneled to fix the compensation for the land taken and damaged, owned by him, as before mentioned. A verdict was returned, awarding the sum of $5000 for land taken. A motion for a new trial by Goudy was overruled, and on January 7, 1888, judgment was entered. On the 3d of January, 1888, a jury was impaneled to fix the compensation, etc., in respect of the remainder of the property taken or damaged. The order recites the appearance of all the lot owners, either by attorney or in person. The jury returned a verdict, finding the compensation to be paid to the owner of one lot $3500, to the owner of another lot $5691,

and to others, owners of various tracts, various sums, aggregating, with the amounts allowed to Goodwillie and Goudy, $29,391, and the proper judgment of confirmation was entered. It seems Goudy prayed an appeal from the judgment affecting him, which was allowed, but it was abandoned as a cause of objection in the subsequent proceedings.

On January 14, 1888,—the town of Lake View having in the interim been incorporated as a city,—the city of Lake View filed a supplemental petition, in which the filing of the original petition on the 22d of November, 1887, and the subsequent proceedings, in which judgments to the aggregate amount of $29,391 had been rendered, were set forth, and praying for an assessment to be made upon adjoining and contiguous tracts of land upon said avenue, in accordance with the statutes in such case made and provided, to raise the amount necessary to pay the compensation and damages awarded; that the court ascertain, as nearly as may be, the costs already incurred in said proceeding, and to be incurred, at the time of the appointment of commissioners, and including therein the probable further costs, and also the estimated costs, of making and collecting said assessment, and for the appointment of commissioners by the court to make such assessment in accordance with the statute, and for other relief.

On the 14th of January, 1888, an order was entered, upon the prayer of the petitioner, that the supplemental petition be granted, and it is recited therein that it appeared to the court that the aggregate amount of the compensation theretofore awarded for property taken or damaged for the improvement (describing it) was $29,391, and that the costs of the proceeding to that time were $400, and the probable further costs to be incurred, including therein the estimated costs of making and collecting the assessment, was $800, and finding the total amount of compensation and costs to be $30,591. It was further ordered, that three commissioners (naming them) be appointed to make special assessment of benefits to raise the

said sum, and they were directed to apportion the same as provided by law. Goudy, one of the owners, objected to the decision and order of the court, and excepted thereto.

The commissioners reported their action, together with a special assessment roll, with the oath required by law, which was filed January 21, 1888. On behalf of the owners, Goudy and Goodwillie, numerous objections were filed, among which were:

"5. There is no such basis as required by law to determine the cost of the improvement.

"6. No estimate has been made of the amount of money necessary to pay the damages for opening said street and for making said improvements.

"7. The property proposed to be taken for the opening of said street has not been lawfully condemned, or the right to use the same acquired in any other way.

"8. The part of lot 2, and north seventy-three feet of lot 3, and lot 5, in said subdivision, proposed to be taken and used for the opening of said street, has not been acquired by the town or city in any way whatever, and the judgments of condemnation rendered are therefore void."

The ninth is to the effect that the amount necessary to pay for damages has not been ascertained by condemnation or purchase, and the amounts of said special assessments are uncertain, indefinite and excessive.

To sustain these objections, objectors offered to show that said lot 3, etc., was the property of Cecilia Goodwillie, who was not a party to the proceedings, and offered evidence tending to show title in her from the government, and also evidence tending to show that lot 5 in said subdivision, which had been condemned as the property of Victor Lawson, was the property of Victor Lawson, Carrie Lawson and Norman Iver Lawson. This evidence was first offered to the court after the jury was sworn, but before any evidence was offered to them, but the court refused to receive the evidence at that

time, but held that it might be introduced in support of the objections when the petitioner had concluded its case, and this was done.

On the 3d day of December, 1888, a jury was impaneled and the objections heard, and a verdict returned, as follows: "We, the jury, find the premises of the objectors is not assessed more than it will be benefited, nor more than its proportionate share of the cost of said improvement." Motions for new trial were entered by the objectors, and denied, and also motions in arrest of judgment, which were likewise denied and exceptions duly taken. The court thereupon rendered judgment confirming the assessment against the lots and parcels of land assessed and described in the assessment roll, and the clerk was ordered to certify the assessment roll, with the judgment, to the collector of the city of Lake View. The case is brought to this court by the several appeals of the objectors, Goodwillie and Goudy.

Mr. W. C. GOUDY, for the appellants:

There was no estimate of the cost of the improvement, nor was the amount fixed by judgment, as a basis for the special assessment. Rev. Stat. art. 9, chap. 24, secs. 1, 2, 18, 20, 53; *City of Sterling* v. *Galt*, 117 Ill. 18.

The proper time to make objections to a special assessment is when application is made to confirm it, and there is no opportunity prior to that time. City and Village act, art. 9, sec. 53; *People* v. *Brislin*, 80 Ill. 423; *Lehmer* v. *People*, id. 601; *Railway Co.* v. *People*, 83 id. 468; *Andrews* v. *People*, id. 531; 84 id. 33; *Gage* v. *Parker*, 103 id. 536; *Riverside Co.* v. *Howell*, 113 id. 263; *Blake* v. *People*, 109 id. 520; *LeMoyne* v. *Park Comrs.* 116 id. 45.

The questions raised in support of the objections were for the court to decide, and not the jury. *Smith* v. *Railroad Co.* 105 Ill. 520; *Railroad Co.* v. *Dix*, 109 id. 238; *Railroad Co.* v. *Wiltse*, 116 id. 453.

Mr. Hervey H. Anderson, for the appellee:

The appeal in this case will have to be dismissed, because the bill of exceptions does not purport to contain all the evidence introduced by either party on the trial below.   It only purports to contain, as stated therein, all the evidence introduced in behalf of the appellants, and the court must therefore presume that the evidence was sufficient to sustain the verdict and judgment of the Superior Court.   *Noy* v. *Creed,* 1 Bradw. 557; *Cogshall* v. *Beesley,* 76 Ill. 445; *Henry* v. *Holloway,* 78 id. 356; *Trustees* v. *Misenhimer,* 89 id. 151; *Fuller* v. *Bates,* 6 Bradw. 442; *Tompkins* v. *Mann,* id. 171.

Mr. Justice Shope delivered the opinion of the Court:

The first question presented by this record which we shall consider is, whether the objections filed by appellants were filed in apt time.   They were filed after the entry of the order of court upon the supplemental petition finding the amount necessary to pay the condemnation money previously awarded in the cause for property taken or damaged in opening the contemplated extension of the avenue mentioned, and for costs accrued and to accrue in the case and in collection of assessments, and appointing commissioners to make an assessment of benefits, and after their report and service of notice of the filing thereof.   This proceeding was under section 53, of article 9, of the City and Village act, and by that section it is provided that such proceedings for the assessment of benefits shall, as near as may be, be the same as is provided in the preceding sections of the article in other cases of special assessment.   Before there can be judgment confirming the assessment, the statute requires the service of notice upon all persons affected thereby, and prescribes the proof of such service.   It is then provided that all persons interested in any real estate affected by such assessment may appear and file objections to the report of the commissioners making the same.   It is clear that this is the first opportunity that the land owner has

to be heard. In this case, on the filing of the supplemental petition, the order appointing commissioners, etc., was entered the same day, and unless the party happened to be in court, no opportunity was afforded for objection, nor is any such opportunity contemplated by the statute.

No answer or plea is required to be filed, or contemplated in this proceeding, the objections to be filed upon the incoming of the report of assessment taking the place of other formal pleading, hence no notice is required to be given of the filing of the petition. But notice of the return of the assessment must be given, when objection may be made. The 30th section, after providing that any person interested in the real estate affected may appear and file objections to the report, provides that the court may make such order in respect to the filing thereof as may be made in regard to the filing of pleas in cases at law. If no objections are filed, default is to be entered, and a judgment confirming the assessment follows. The same rule, in effect, applies in cases of condemnation. *Smith* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 520.

By section 33, the court before which the proceeding is pending is given authority, at any time before final judgment, to modify, alter, change, annul or confirm any assessment returned, or cause it to be recast by the same commissioners, or may appoint others, and may make all orders necessary to the making of a true and just assessment, etc. It must follow that the orders prior to the entry of judgment are interlocutory, and subject to be set aside at any stage of the proceeding for any good cause made to appear. Until the filing of the report, objections could not be filed questioning the correctness or regularity of the assessment as a matter of course, but we are of opinion that all objections, whether pertaining to the amount of benefits assessed, or going to the right of the municipality to have them assessed, or in any way affecting the validity of the assessment, may be filed at any time before default is entered, as contemplated by the statute.

The matters to be submitted to the jury lie within a narrow compass, and include only the amount of benefits assessed or to be assessed. If it appears that the premises of the objectors are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, "the jury shall so find, and also find the amount the premises should be assessed." No other verdict is required or can be rendered. It is clear, therefore, that only such objections as question the amount of benefits returned against the objectors' premises can create the necessity for submission of the assessment to a jury. *Follansbee* v. *Chicago*, 62 Ill. 288, and cases cited.

The amount of benefits returned against appellants' property not being questioned by any of the objections filed, the court should have passed upon the objections, and if it was found they were not well taken, and no others were filed by leave of the court, have entered default against these objectors and entered judgment confirming the assessment. However, of the error in submitting the assessment of benefits to appellants' property to a jury they can not complain, for the reason that the same was not increased by the verdict, and they are in nowise prejudiced thereby. Nor can appellants be heard to complain that the court refused to hear evidence in support of their objections after the jury were impaneled and before the city had made its case. Waiving the question whether the objections were not waived by not insisting on them before the jury were impaneled, such evidence was addressed solely to the court, and the effect of its ruling was to overrule the objection. This evidence offered, but rejected by the court, being preserved by bill of exceptions, the rulings may be reviewed. If it was made to appear, at any time before final judgment, that the precedent steps in the cause were not sufficient to justify the assessment, it was the manifest duty of the court to set aside the assessment, vacate its previous orders if improperly entered, and dismiss the supplemental petition

if not properly filed, and no legal right existed to maintain an assessment.

It remains only to consider whether the objections filed, as supported by the offered evidence, show no right in the city to have the benefits to appellants' lands assessed. The only objections necessary to be considered are those predicated upon the alleged fact, that in the original proceeding for condemnation the city failed to acquire title to all the land necessary to the opening of the avenue, from which the supposed benefits sought to be assessed must flow. The evidence offered tended to show, and for the purposes of this case it may be treated as showing, that lot 2 and part of lot 3, described in the original petition for condemnation, as owned by appellant David Goodwillie, were, in fact, at the filing of such petition, and since, the property of Cecilia Goodwillie, and not of David Goodwillie, and that lot 5, in assessor's subdivision, etc., described as being owned by Victor Lawson, in said petition, was in fact owned by Matilda Lawson, Carrie Lawson, Norman I. Lawson and Victor Lawson. Cecilia Goodwillie, Matilda, Carrie and Norman I. Lawson not having been parties to the original proceedings, there was therefore no condemnation of their interest in said lots.

It is insisted, first, that the judgment in the condemnation proceeding formed no basis for the special assessment of benefits, there being no estimate of the cost of the improvement,—that is, the opening of said avenue,—as provided in and by section 20 of said article, and the court therefore erred in entering its order finding the amount to be raised by special assessment, and appointing commissioners to apportion the same to contiguous lots, etc., according to benefits accruing from such improvement; and second, that the city not having acquired, by condemnation or otherwise, the right of way to open and locate said extension of said avenue, no assessment of benefits could properly be made.

In original proceedings for special assessment of benefits, under the statute, an estimate must be made in the manner prescribed by section 20, otherwise there can be no basis for the gross amount to be assessed, or for its apportionment to or upon lots or tracts of land benefited; but it is manifest that where the proceeding is by way of supplemental petition, in the same proceeding in which the condemnation has been or may be had under section 53, (*Guild* v. *City of Chicago,* 82 Ill. 472,) "praying the court to cause  *  *  *  an assessment to be made for the purpose of raising the amount necessary to pay the compensation and damages which may be or shall have been awarded for the property taken or damaged, with the costs of the proceeding," and there has been judgment of condemnation, the amount or amounts thereby awarded, with the estimated costs of the proceeding and of collecting the assessment, as provided in said section 53, will furnish the only proper basis for the assessment of benefits. In such case, no estimate under section 20 is contemplated or required. Here, the supplemental petition was filed asking for an assessment to be made to pay the compensation and damages already awarded. The judgment in the condemnation proceeding was final, conclusive and binding upon the appellants, and all others who were parties thereto, until reversed, vacated or set aside in some direct mode known to the law. No motion was made in the court below to vacate, set aside or modify that judgment. Although a supplemental petition is filed in the condemnation proceeding, the relief sought thereby is supplemental and collateral to the proceeding in which the judgment of condemnation was rendered, and the questions arising in the original proceeding can not be relitigated upon the supplemental petition. It is for a distinct, separate purpose,— that is, to raise funds to pay the judgment already entered. In the condemnation proceeding the court had jurisdiction of the subject matter and of the persons of appellants, and the judgment therein was binding and conclusive upon them, and

they can not be permitted to attack it thus collaterally. Undoubtedly, if the court still retained jurisdiction over its judgment in the condemnation proceeding, upon proper application to the court it would have corrected its judgment, vacated or set it aside, as justice might have required.

It appears from the offered evidence, that appellant Goodwillie had no vested interest in the lots against which the benefits were assessed. At most, he had but an inchoate right of dower. It is true, it is alleged that one of the tracts was acquired by his wife before the passage of the present Dower act; but there is nothing tending to show that he is tenant by the curtesy initiate, and if he was, at common law, since the passage of the separate property act of 1861, such right would not be an interest in the land. (*Bozarth* v. *Largent,* 128 Ill. 95.) However, the compensation awarded for the two lots of which he was the alleged owner was $8000, while the benefits assessed against the same was the sum of $7009.25,—being $990.75 less than the damages and compensation awarded him. In this state of case he seeks to defeat the assessment of benefits without attempting to set aside or vacate the judgment in the condemnation proceeding. But in respect of both appellants, and all other lot owners affected, the amount assessed as special benefits could not exceed the benefits arising to each particular tract by reason of making the improvement. If the amount of benefits equaled or exceeded the sum required to be raised, each tract would be assessed its proportionate share of such sum; but if the sum required exceeded the benefits, then such tract could be assessed only such sum as it was benefited, and the residue must be paid by the city from its corporate funds. In this case it was found and returned by the commissioners appointed by the court, that the benefits to each tract, and to the tracts affected in the aggregate, was less than the sum required to pay the compensation awarded, and that a residue remained after assessing the benefits to accrue for such improvement, to be paid by the city. It there-

fore necessarily follows that each tract and lot was assessed for all the benefits that would accrue to it by the opening of this avenue as contemplated by the ordinance, and the city would be estopped by this proceeding from again seeking to assess benefits therefor against the same property.

Although it may be found that the city has not procured the right to open the street over and across certain of these lots, and may have to expend further sums of money to acquire such right, it can not, after having, by its supplemental petition, confirmed the judgment in the condemnation case, and required the entire benefit to appellants' lots inuring from the proposed improvement to be assessed against them, again require a further assessment of benefits upon or against the same lots for the same purpose. By the assessment, made by the proper authority, the lots assessed will have paid the full benefit conferred by the improvement, and no other assessment could thereafter be made for the same.

It can not be presumed that the amount of compensation awarded in the condemnation proceeding would have been less if the parties alleged to be the owners of the three lots before mentioned had been parties thereto, or that the amount required to be assessed to pay such compensation was increased by reason of the failure of the city to make them parties to that proceeding. There is no pretense that more was awarded as compensation for the property taken or damaged than was just compensation. If other condemnation proceedings must be instituted, or right of way acquired by further expenditure of money, it is manifest that these lot owners, having already been assessed the full amount of benefits that will inure to their property by the improvement, can not be prejudiced thereby, and that such increase of amount, whatever it may be, must be provided by the city from other sources. It follows, that under this proceeding, or by it, appellants have not been prejudiced. In any event, their property was liable to be assessed for benefits, and they be required to pay the full

amount thereof, and as a matter of justice and right it can not be important whether they are required to pay it for acquiring title to a portion, only, or to all of the land taken for the proposed improvement.    The proceeding was instituted and is authorized by section 53 only for the purpose of paying compensation awarded or to be awarded in the condemnation proceeding; and although the condemnation proceeding may have related to only portions of the land and soil necessary to be taken for the purposes of the improvement, the judgment in the condemnation proceeding is made by the statute the basis of the assessment of special benefits contemplated.    If the matters here sought to be interposed had been objected to in the condemnation proceeding, it might have formed a matter of substantive defense, and the court, for the purpose of effecting the condemnation as against all the parties interested, have required the city to bring the parties now alleged to be the owners into that proceeding, to the end that its judgment should be final and conclusive as to them, also.    But because this was not done, and the city failed to acquire the right to take the lots or tracts of land as against such other parties, does not render the judgment of condemnation void as to parties thereto.    Nor does the fact that the city may have to acquire the title of other parties to the same or other property affect the judgment in the condemnation proceeding, or prevent the assessment of benefits to pay the amount of condemnation awarded in such proceeding.    The city, by its acts, as before seen, is estopped from disputing or questioning the validity of such judgment.

It follows, that we are of opinion that the judgment in the condemnation proceeding furnished a proper basis for the assessment of benefits against appellants' lots and lands, and that no error has intervened in the entry of the order appointing commissioners and fixing the amount to be raised, of which appellants can complain.    If there is error, it is, at most, error without prejudice.

In respect of the second point, we are of opinion that, the assessment being for the single purpose of paying compensation and damages awarded in the condemnation proceedings, it is not important, as already said, that by that proceeding title to all of the land necessary to be taken for the purposes of the improvement should be acquired. It may well be that the residue of the land not included in the condemnation proceeding may be acquired by other means. It is only where municipal or other authority seeking condemnation is unable to agree with the owner as to the compensation to be paid, that condemnation proceedings become necessary or proper. It could not have been within the contemplation of section 53 that it would be any defense against special benefits assessed for the purpose of paying compensation awarded, that there were other lands, not included in such proceeding, that might thereafter have to be acquired before a street or avenue could be opened or improvements made.

*Village of Hyde Park* v. *Borden,* 94 Ill. 26, and *Holmes* v. *Village of Hyde Park,* 121 id. 128, hold, that in original proceedings for the special assessment of benefits it is not necessary that the city or village should have acquired title to the soil to be graded and paved as a street, before assessments for special benefits accruing from such improvement could be assessed. In the latter case it was said: "Whether the compensation shall be made to the owner of the soil for the land taken for the street, before or after the assessment for its improvement, can not make that assessment either larger or smaller; and so, whether title to the soil entered upon for the purposes of the street has been heretofore or remains to be hereafter acquired, is a distinct question from that of the benefits and damages to result to adjacent land owners from the improvement of such street, and the latter has no dependence upon the former." Here, however, the assessment is for the single purpose of paying the compensation awarded for the land taken, and it can not, perhaps, be said, as it was in the

case mentioned, that the assessment of benefits does not depend upon whether the title to the soil has been obtained. But in respect of property to which title is not acquired by condemnation proceeding, precisely the same result must follow as in the original proceedings for the assessment of benefits. It is undoubtedly true that the city acquired, by this condemnation proceeding, all the title to the several parts of lots sought to be taken and included in such proceeding, as against all persons who were made parties thereto. It can not, therefore, affect the right of the city to make an assessment for the payment of compensation awarded, that there may be other tracts or lots, or other owners whose title has not been acquired or determined by such proceeding.

It is also objected, that the city not having acquired title to all the property necessary to be taken, it is unjust and inequitable to require appellants to pay their assessments before the city acquires the same. That is not a matter proper for consideration here. If it is apprehended that the city can not or will not acquire title, so that the avenue may be opened, and that the special assessment will be expended without corresponding benefit to the public, it can not be doubted that a court of equity will afford adequate relief. *Holmes* v. *Village of Hyde Park, supra.*

It is next insisted that the court erred in estimating the probable costs thereafter to accrue in the proceeding, and in collecting the assessment. It is sufficient to say that the bill of exceptions does not contain the evidence upon which the court acted in adjusting such amounts; and it not appearing by the bill of exceptions that it contains all of the evidence offered, it must be presumed that there was evidence sufficient to justify the finding and order of the court.

The judgment of the court below confirming the assessment will accordingly be affirmed.

*Judgment affirmed.*