WILLIAM M. LeMoyne *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

EMINENT DOMAIN—*the dismissal of condemnation proceeding does not annul the assessment.* The dismissal of a condemnation proceeding at the instance of one property owner, after the confirmation of a special assessment fixing the benefits accruing to the property assessed, does not annul the confirmation judgment as to property owners not parties to such dismissal, and such judgment is binding upon the city, as to such owners, in a new proceeding for the same improvement.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

HAMLIN & HOLLAND, and JOHN F. HOLLAND, for appellants.

CHARLES S. THORNTON, Corporation Counsel, and A. F. TEEFY, Assistant, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook county, confirming a special assessment against the lots of appellants to pay for land condemned by the city of Chicago in extending Winnemac avenue, from North Clark street to Southport avenue. The condemnation proceeding was begun by petition filed in the superior court on May 27, 1896. Verdict and judgment having been entered awarding compensation for land taken, a supplemental petition was filed to levy a special assessment upon the lands benefited, to pay for the proposed extension. When the assessment roll was filed, appellants, whose property had been assessed therein, appeared and objected to its confirmation, and moved the court to dismiss the proceedings, on the ground that a petition to condemn this same land, for the purpose of

this same improvement, had on June 2, 1892, been filed; that in that proceeding the land had been condemned; that subsequently an assessment had been made against appellants' lots, the same as in this proceeding, on the basis of benefit derived by reason of the proposed improvement; that that assessment had, at the December term of the superior court, been confirmed; "that said judgment was not appealed from and remains unreversed," and is therefore a bar to this proceeding. The entire record of the former case was introduced in evidence. Motion to dismiss was overruled, and, there being no evidence offered on the question of benefits in this case except the assessment roll, the court, after overruling a motion for new trial, entered judgment confirming the assessment. The objectors appeal.

It is admitted by counsel for appellee that the land sought to be condemned in this proceeding is the same as that in the former suit, and is condemned for the same purpose; but the contention is, that in the former case the land condemned was not actually taken; that the owner, John Chant, upon the city failing to take the land within proper time, had, before the filing of this petition, asked and received a dismissal of the condemnation proceedings; that the judgments in the assessment proceedings thereunder were thereby vacated, there being nothing upon which to base the supplemental proceedings in assessment. In other words, counsel for appellee insist that the proceeding to levy and collect a special assessment of this kind is supplemental to the original condemnation proceeding, and when the latter is dismissed the former is at an end as a matter of course. We cannot agree with this view, first, because it appears to be an attempt to re-litigate questions settled in a former case. The highest amount which the property owners can be called upon to pay for such an improvement is a sum equal to a just proportion of the benefits derived. In the first proceeding that amount was determined by the

court, and a judgment rendered against appellants' property therefor. In this new proceeding appellants' property was assessed a much greater amount (upon the same theory of benefit derived) than had been assessed in the former. The benefit derived from the proposed improvement having been determined upon the former hearing, "the municipal authority, under the guise of a supplemental assessment, cannot impose upon the property assessed a greater burthen than the benefits accruing to it from the improvement." (*Greeley* v. *Town of Cicero*, 148 Ill. 632.) It was said in *Goodwillie* v. *City of Lake View*, 137 Ill. 51, where lots are assessed for all the benefit accruing to them by the opening of a street, the city is estopped in a new proceeding from again seeking to assess benefits therefor against the same property. Clearly, this is an attempt to litigate questions which have been adjudicated in a former proceeding, involving the same subject matter, and it follows that the city is bound by the former judgment, and it is proper to be set up here in bar of the present suit. See *McChesney* v. *City of Chicago*, 161 Ill. 110, and cases there cited.

The contention that the dismissal of the former condemnation proceedings puts an end to the assessment made thereunder is not supported by reason or authority. The dismissal of the condemnation suit by the owner of the property sought to be taken affected that property only. Appellants were not parties to that act of dismissal and are not bound thereby. As to them the condemnation proceeding and special assessment proceeding were entirely distinct. They could not, in the proceeding against them, raise any question as to the city having obtained title to the condemned strip of land, or as to the regularity of the condemnation proceeding. (*Goodwillie* v. *City of Lake View, supra.*) The former judgment against appellants' property is therefore still in force, and to that extent can the city call upon their property to contribute to the cost of the improvement, and no further. This re-

sult is not only in conformity with the law, but seems to us eminently just and equitable.

The judgment of the superior court will be reversed and the cause remanded for further proceedings in conformity to this opinion.   *Reversed and remanded.*