THOMAS F. HARWOOD

*v.*

THE CITY OF BLOOMINGTON.

*Filed at Springfield March 28, 1888.*

</div>

1.   EMINENT DOMAIN—*measure of damages—as to land taken and land not taken—application of benefits.*   Where land is taken for a public improvement, the owner will be entitled to the value of the land actually taken, without regard to any supposed benefits arising from the proposed improvement.

2.   But when the owner of a lot interposes a claim for damages to that part not taken, if such part has received special benefits, or benefits not -common to other property, such benefits may be considered in arriving at the amount of damages the owner may have sustained.

3.   SAME—*measure of damages—of the rule under act relating to cities, -etc.*   In a proceeding under article 9 of the act relating to cities and villages, for the condemnation of land for a street, the same rule applies in respect to the measure of compensation and damage to land not taken, as in a pro--ceeding under the Eminent Domain act.

APPEAL from the County Court of McLean county; the Hon. C. D. MEYERS, Judge, presiding.

Messrs. HERRICK, LUCAS & SPENCER, for the appellant:

This proceeding is not brought under the Eminent Domain act, but under article 9, chapter 24, of the Revised Statutes, which act does not recognize the distinction between compensation and damages, but provides that the jury shall be im-

paneled "to ascertain the just compensation to be paid," etc. No difference is made as to the manner of ascertaining the amount of the compensation from the manner of finding the damages.

Mr. A. E. DeMange, City Attorney, for the appellee :

The rule, that in assessing the compensation for damages to which the owner is entitled for property not taken, special benefits arising from the improvement should be considered, is well settled by the authorities below cited ; and in several of the opinions there is nothing to show that the proceeding was not under the same act as this proceeding. *Village of Hyde Park* v. *Dunham,* 85 Ill. 569 ; *Green* v. *City of Chicago,* 97 id. 370 ; *City of Elgin* v. *Eaton,* 83 id. 535 ; *Page* v. *Railroad Co.* 70 id. 324 ; *McReynolds* v. *Railroad Co.* 106 id. 152.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This was a proceeding by the city of Bloomington, under article 9, chapter 24, of the Revised Statutes, entitled "An act to provide for the incorporation of cities and villages," to condemn certain property belonging to appellant, for a street. The land taken, belonging to appellant, was twenty-seven feet off the east side of lot 7, in Phœnix addition to the city. The remaining portion of the lot was twenty-seven and a half feet wide, upon which there was a dwelling house and other improvements. On the trial, appellant claimed compensation for that part of the lot taken, and also damages to that portion of the lot not taken, in consequence of opening the street. The court, on the evidence introduced by the respective parties, allowed $200 for the land taken, and $275 as damages to that part of the lot not taken.

We are not asked, in the argument, to review the decision of the court on the question of fact, but in arriving at the amount of damages which should be allowed to the property not taken, the court allowed evidence of and took into consid-

4—124 ILL.

eration the special benefits accruing to that part of the lot not taken, in consequence of the opening of the street, and this decision of the court is the only error relied upon to reverse the judgment.

Where land is taken for a public improvement, the owner, under our constitution and statute, is entitled to the value of the land actually taken, without regard to any supposed benefits which may accrue by reason of the proposed improvement. (*Green* v. *City of Chicago,* 97 Ill. 371.) But where the owner interposes a claim for damages to that portion of the land not taken, in consequence of the improvement, if the land not taken has received special benefits,—benefits not common to other property,—such benefits may be considered in arriving at the amount of damages the owner may have sustained to his property not taken. *Village of Hyde Park* v. *Dunham,* 85 Ill. 569; *City of Elgin* v. *Eaton,* 83 id. 535; *Page* v. *Railway Co.* 70 id. 324; *McReynolds* v. *Railway Co.* 106 id. 152.

The rule here announced is conceded to be the law where the proceeding to condemn arises under the Eminent Domain act of the State, but it is insisted, that where the proceeding arises under article 9 of the act in relation to cities, villages, and towns, a different rule should prevail. We find nothing in the language of article 9 which would authorize a different rule of damages, under that statute, where land is to be taken or damaged for public use, from the one established under the Eminent Domain act, and in the absence of a clear direction by the legislature we perceive no reason why one rule should be established under one statute and a different rule under the other. Had the legislature intended that special benefits should not be considered where the proceeding was under article 9, that intention would doubtless have been expressed in clear language. Such has not been done.

We think the rule adopted by the court was correct, and the judgment will be affirmed.

*Judgment affirmed.*