# THE CITY OF BLOOMINGTON

*v.*

# FRANCES J. LATHAM *et al.*

*Filed at Springfield November 2, 1892.*

1. EMINENT DOMAIN—*condemnation by a city.* Where a city seeks to take or damage land for a street or alley it is required to file its petition therefor in a court of record, and after notice to the defendants by the service of process or publication, the compensation must be ascertained by a jury, and the final judgment rendered upon the finding of the jury is a lawful condemnation of the property to be taken, upon payment of the amount of such finding.

2. SAME—*provision for compensation essential.* A provision for compensation is an indispensable attendant upon the constitutional exercise of the power of depriving an individual of his property under the right of eminent domain. Means must be provided whereby compensation can be obtained. Although it may not be necessary that the amount of compensation shall be actually ascertained and paid before the property is taken, it is the settled doctrine that at least certain and ample provision must first be made by law, so that the owner can coerce payment without any unreasonable and unnecessary delay.

3. SAME— *assessing the amount of the award against property not taken.* Where there is an award of compensation for land taken, an assessment by special taxation of the amount of the award upon the land not taken is not an adequate provision for compensation, because it compels the property owner to pay for his own land,—and this is especially true where the condemnation judgment is for damages to the land not taken as well as for the value of the land taken. In such case the special tax imposed upon the abutting residue in proportion to its frontage, falls upon the property which has been judicially determined to be damaged.

4. SAME—*power of taxation essential to the exercise of the power of eminent domain.* Where the provision made for the raising of money to pay for land condemned for a public use is the levy of a tax, such tax levy is the mode of obtaining the compensation awarded to the owner. In such case the power of taxation and the right of eminent domain are made to go hand in hand, and the one aids the other. The constitutional exercise of the right of eminent domain necessitates a resort to the power of taxation, and the latter power, when invoked as a means of providing a compensation, is necessarily restricted by the constitutional requirement in regard to such taking. The taxing power

must be so exercised as to give the property owner a just compensation, and hence can not be exercised arbitrarily.

5. The taxing power of the legislature is absolute where it is not restrained by constitutional limitations. While the constitution authorizes cities to make local improvements by special taxation, it at the same time forbids the taking of private property for public use without just compensation. These two provisions must be construed together, so that neither shall nullify the other.

6. SAME—*statutory power to pay for land for street or alley.* Section 53 of article 9 of the act relating to cities and villages provides, that in the same proceeding to condemn land for a street or alley the city or village may file a supplemental petition, praying that an assessment be made "for the purpose of raising the amount necessary to pay the compensation and damages which may be or shall have been awarded for the property taken or damaged, with the costs of the proceeding." There is no other provision made in the statute for making an assessment to pay such compensation and damages.

7. SPECIAL ASSESSMENT — *under sec. 53, art. 9, chap. 24, Rev. Stat.* Under section 53 of article 9 of the act relating to cities and villages, it has become the practice in this State to institute proceedings in accordance with sections 18 to 53, inclusive, of that article, for the making of assessments upon the property specially benefited by the improvement, in order to raise the amount necessary to pay the compensation for the property taken.

8. If section 53 is so construed as to authorize a proceeding by special assessment, this court is not prepared to say that it does not make such provision for compensation as will satisfy the requirement of the constitution, but that section should not be so interpreted as to justify a resort to assessment by special taxation. Special taxation does not proceed upon the theory that the assessment must not exceed the special benefits received from the improvement.

9. SPECIAL TAXATION — *of part of a lot to pay for part taken for an alley.* Where a part of a man's lot is taken for an alley, and the balance of the lot is damaged by opening the alley, special taxation of the part of the lot not taken, in proportion to its frontage as it abuts upon the alley, affords no just compensation for his loss. Section 53 of article 9 of the City and Village act does not authorize assessment by special taxation.

10. An ordinance directing that the cost of the land taken or damaged, or both, shall be assessed upon and collected from the lands abutting upon the proposed alley or street, in proportion to the frontage thereof, in effect provides for the taking or damaging of the lands without just compensation, and is therefore unreasonable and void.

11. Ordinances—*must be reasonable.* It is well settled that ordinances of cities and villages must be reasonable, and not oppressive.

12. Constitutional law—*forbidding the taking of private. property for public use without just compensation, construed.* The general doctrine is, that the constitutional prohibition against the taking of private property for public use without just compensation has reference to the exercise of the right of eminent domain, and not to the exercise of the taxing power.

13. Money is property, but when the legislature, or a municipality acting under its authority, imposes a tax, the money raised by such tax, no matter how unjust that tax may be, is not private property taken for a public use without just compensation, within the meaning of the constitution.

Appeal from the County Court of McLean county; the Hon. Colostine D. Meyers, Judge, presiding.

This is a petition, filed in the County Court of McLean County on November 19, 1891, by the City of Bloomington, for the appointment of commissioners to assess the special taxes to pay for the opening and extension of an alley in a block in that city, "including compensation for property taken, or damaged, if any, or both, and the cost of an assessment of a special tax to pay therefor, and of the collection of the same, and of condemnation proceedings," etc. On the same day commissioners were appointed to assess the cost of said improvement in the manner prescribed by the ordinance hereinafter named and the statutes, etc. On November 28, 1891, the commissioners took an oath to make a true and impartial assessment of the special taxes, and on December 4, 1891, made and returned their assessment roll. On December 16, Frances J. Latham, the owner of lot 1 hereinafter named, and Anna E. Loehr, owner of lot 2 hereinafter named, filed objections to the appointment of commissioners, to their report, to the confirmation of the same, and to the entry of judgment. On December 28, 1891, a hearing was had before the court upon said objections, some of which were overruled and others sustained; and the petition of the city was dismissed. The

orders sustaining the objections and dismissing the petition were excepted to. The present appeal is prosecuted from the judgment of the county court dismissing the City's petition.

The block above referred to lies between Front Street on the North and Grove Street on the South and between Lee Street on the East and Low Street on the West. Lots 1 and 2, the former being east of the latter, run from Front Street to Grove Street. All the other lots in the block run to the middle of the block only. Before the passage of the ordinance hereinafter mentioned, an alley 10 feet wide ran from Lee Street westward through the middle of the block to the east line of lot 1; and the lot-owners west of lot 2 had conveyed to the city the ground for an alley 10 feet wide through the middle of the block eastward from Low street to the west side of lot 2. The object of the present proceeding is to connect the alley on the west with the alley on the east by extending them through lots 1 and 2, and by taking from the appellees for that purpose a strip of land 10 feet wide running through the middle of their lots.

The petition recites, that the City had adopted Article 9 of the City and Village Act; that on July 31, 1891, it passed an ordinance for the opening and extension of said alley in said block, by which it is ordained, in section 1 thereof, that said alley be opened and extended from the east end of the alley west of said lots to the west end of the alley east thereof; in section 2, that the cost of opening and extending said alley, including the cost of real estate taken or damaged for that purpose, or both, and expenses, etc., be paid for by special taxation, and a special tax equal to the whole cost of said improvement and of collecting said tax be assessed and collected upon and from each of the lots or parcels of land abutting upon said alley along the proposed line thereof in proportion to the frontage thereof upon said alley; in section 3, that, upon the approval by the city council of the report of the committee provided for in section 4, the city attorney file in the county court

30—142 ILL.

a petition, asking that compensation be made and ascertained by a jury for private property to be taken or damaged or both for said improvement, and also a petition for the appointment of commissioners to assess the special tax therein provided for as required by law; and, in section 4, that three persons be appointed commissioners to make an estimate of the cost of said improvement including compensation for property taken or damaged, if any, or both, and the cost of the assessment and collection of the special tax and of the condemnation proceedings, and report the same to the council. The petition then proceeds to state, that, on the same day, the persons so appointed made their report, estimating the cost of said improvement, including compensation for property taken or damaged, or both, at $400.00, and the cost of assessing and collecting the special tax $60.00; that the city council instructed its attorney to file this petition. The petition closes with a prayer for the appointment of commissioners to assess the special tax, as above set forth.

The assessment roll, so filed by the commissioners recites that they assessed the whole cost of the improvement, amount to $1375.00, against the property contiguous thereto, as provided by said ordinance, and that the amount of the special tax assessed against lot 1, owned by Frances J. Latham, was $626.00, and the amount thereof assessed against lot 2, owned by Anna Loehr was $749.00.

The petition for the assessment of the special tax, so filed on November 19, 1891, makes no reference to the proceedings taken under the petition filed for the condemnation of the property; but those proceedings were introduced in evidence upon the hearing of said objections, and show that on August 6, 1891, the city filed a petition in said county court, containing copies of said ordinance and of the estimate of the cost of said improvement made by the committee appointed by the council, and stating, that Frances J. and William A. Latham were owners of said lot 1, and Anna E. and Susan E.

Loehr of said lot 2, that part of said lots would be taken or damaged for said improvement, that the city had been unable to agree with the owners as to compensation, that the council had instructed its attorney to petition for condemnation, and praying that just compensation for private property taken for or damaged by said improvement be ascertained by a jury; that the property owners were duly served with summons; that a jury was sworn and empannelled to ascertain and report the compensation, both parties appearing by their attorneys; and that on August 18, 1891, a judgment was rendered, in which, after reciting the appearance of the parties, and that the jury, having heard the evidence and arguments of counsel and received the instructions of the court, had returned a verdict finding the just compensation to be as hereafter stated in the opinion, it was adjudged that the defendants, Latham, receive of the city the said sums so awarded them "as the just compensation for the taking and damaging such land, improvements and property, towit: lot 1," etc., and that the defendant, Loehr, receive of the city the said sums of money awarded "as the just compensation for the taking and damaging said land and property, towit: lot 2," etc., and that the City pay the said several sums so awarded, with the costs, into this court, or to Frances J. or William A. Latham and Anna E. Loehr, or to the treasurer of McLean County, and that upon such payment being made the city should have the right at any time thereafter to enter upon and take possession of the said lands, improvements and property.

Upon the hearing of the objections it was admitted by the city, that, upon the trial of the condemnation suit, the city introduced testimony to show whether or not the opening of the alley would benefit the portions of the lots not sought to be taken, and how much in dollars and cents such benefit would be.

Mr. Sain Welty, for the appellant:

The city of Bloomington has the power to open or otherwise improve its streets, avenues, lanes and alleys. Special Charter, act of legislature, March 7, 1867.

Local improvements may be made by special assessment or special taxation, or both, of contiguous property, or general taxation, as shall by ordinance be provided. Const. art. 9, sec. 9; Starr & Curtis' Stat. chap. 24, sec. 117.

To open, widen and extend streets and alleys is a local improvement. *Bigelow* v. *Chicago,* 90 Ill. 49.

The appellant had a right to say how the local improvement in question should be paid for, and its discretion can not be controlled by the courts. *Sterling* v. *Galt,* 117 Ill. 17; *People* v. *Hyde Park,* id. 462.

The making of local improvements by special taxation is constitutional. *Green* v. *Springfield,* 130 Ill. 515; *Enos* v. *Springfield,* 113 id. 65.

Whether or not property receives benefits in a special tax proceeding is not open for review. *White* v. *People,* 94 Ill. 604; *Enos* v. *Springfield,* 113 id. 65; *Sterling* v. *Galt,* 117 id. 11; *Galesburg* v. *Searles,* 114 id. 217; *Springfield* v. *Green,* 116 id. 269; *Green* v. *Springfield,* 130 id. 515.

It has been determined by this court that there is no connection between the city's right to levy a special tax, and the payment to the objector of the amount of its condemnation judgment. It has been held in the following cases that condemnation proceedings may follow, as well as precede, the levy and confirmation of the special taxes. *Leman* v. *Lake View,* 131 Ill. 388; *Hyde Park* v. *Borden,* 94 id. 26; *Holmes* v. *Hyde Park,* 121 id. 128; *Hunerberg* v. *Hyde Park,* 130 id. 156.

Messrs. Benjamin & Morrissey, for the appellees:

The ordinance, and proceedings thereunder, are contrary to the provisions of the constitutions of the State and of the

United States against the taking of private property without just compensation. Const. of Ill. art. 2, secs. 1, 2, 13; Const. of U. S. 14th amendment; *Stuart* v. *Palmer*, 74 N. Y. 183; *Harwood* v. *Bloomington*, 124 Ill. 48; *Carpenter* v. *Jennings*, 77 id. 250.

The alley provided for by the ordinance would damage, rather than benefit, the property taxed. Special taxes for local improvements, like special assessments, are justified only on the ground that the subject of the tax receives an equivalent. *White* v. *People*, 94 Ill. 617; *Craw* v. *Village of Tolono*, 96 id. 261; *Bloomington* v. *Railroad Co.* 134 id. 451; *Railroad Co.* v. *Decatur*, 126 id. 97.

The proposed alley would not be a "local improvement," within the meaning of the constitution. *Railroad Co.* v. *Decatur*, 126 Ill. 97.

It is essential to the validity of a municipal ordinance that it be reasonable. If arbitrary, unjust and oppressive, it is void. The ordinance in controversy is not only unreasonable, but unfair, if not fraudulent, and is confiscatory in its nature and operation. *Tugman* v. *Chicago*, 78 Ill. 405; *Craw* v. *Tolono*, 96 id. 259; *Bloomington* v. *Railroad Co.* 134 id. 451; 1 Dillon on Mun. Corp. (4th ed.) sec. 55, note.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

It is assigned as error, that the county court sustained the objections to the confirmation of the assessment. One of the objections so sustained is, that this proceeding is in violation of section 13 of article 2 of the constitution. That section, which is a part of the bill of rights, provides, that "private property shall not be taken or damaged for public use without just compensation."

Section 2 of Article 9 of the City and Village Act directs, that, where the city or village provides by ordinance for the making of any local improvement, it shall by the same ordi-

nance prescribe whether the same shall be made by special assessment, or by special taxation of contiguous property, or general taxation, or both. Sections from 3 to 15 inclusive apply to cases where the local improvement named in the ordinance requires the taking or damaging of private property. The last named sections specify the mode of proceeding to be adopted for making just compensation for the private property to be taken or damaged for said improvement. In pursuance of a petition to be filed by the city or village in a court of record, and after notice by service of process, or publication, upon the parties defendant, the compensation must be ascertained by a jury; and the final judgment rendered upon the finding of the jury is a lawful condemnation of the property to be taken, upon the payment of the amount of such finding in the manner therein provided. Section 53 of said Article 9 provides, that, in the same proceeding in which the judgment of condemnation is rendered, the city or village may file a supplemental petition praying that an assessment be made "for the purpose of raising the amount necessary to pay the compensation and damages which may be or shall have been awarded for the property taken or damaged, with the costs of the proceeding."

In the case at bar, the petition for the assessment of the special tax does not purport to be a supplemental petition in the eminent domain proceeding, but it must be regarded as such because there is no other provision in the statute, for making an assessment to raise the amount awarded as compensation for the property taken or damaged, except that which is embodied in said section 53. Does section 53 apply to such a case as is presented by this record?

The ordinance directs, that the cost of the real estate taken, or damaged, or both, be assessed upon and collected from each of the lots abutting upon the alley along the proposed line thereof in proportion to the frontage thereof upon said alley. This means, that the judgment in the condemnation proceed-

ing for the value of the land taken, and for damages to the land not taken, shall be assessed upon the lots abutting upon the proposed alley in proportion to the frontage thereon. The proposed alley is to be opened across two lots only. Those lots are owned by two persons only. It follows, that the property abutting upon the proposed alley is the remainder of the two lots after taking out the land required for the alley; and that said remainder is the only property that is damaged by the opening of the alley. Therefore, the judgment for the value of the land taken is assessed against the remainder of the lots from which the land is taken, and the judgment for damages is assessed against the land damaged. The consequence is, that the owners of the two lots are compelled either in whole or in part to pay the condemnation judgments rendered in their own favor. For example: judgment was rendered in favor of Mrs. Loehr, the owner of lot 2, for $365.00, $265.00 for the value of the portion of the lot taken and $100.00 for damages to the part not taken; but this judgment is embraced in the amount of the special tax assessed against the part of her lot not taken, towit: $749.00, so that she not only gets no compensation for her land taken and no compensation for damages to her land not taken, but she is compelled to pay out $384.00 in addition to her loss; the judgment in favor of Mrs. Latham, the owner of lot 1, was $950.00, $250.00 for the value of the portion of her lot taken and $700.00 for damages to the part not taken, but as $626.00 of this judgment is included in the amount of the special tax assessed against the portion of her lot not taken, she loses all of her judgment except $324.00. Practically and in effect there is here a taking of private property for a supposedly public use without just compensation.

The general doctrine is, that the constitutional prohibition against the taking of private property for public use without just compensation has reference to the exercise of the right of

eminent domain, and not to the exercise of the taxing power. A strict application of this doctrine to the facts of the present case involves the following propositions : that the proceeding to condemn a part of the two lots for the opening of the alley is an exercise of the power of eminent domain; that, in that proceeding, the land condemned cannot be taken by the city without paying the condemnation judgment; that, on the other hand, the proceeding for an assessment of the special tax upon the remainder of the lots is an exercise of the power of taxation; that the tax is imposed by the legislature, or by a municipality authorized by the legislature to impose it, for the purpose of raising money; that, as the imposition and collection of the tax do not require the exercise of the right of eminent domain, the constitutional prohibition has no application.    Money is property; but, where the legislature, or a municipality acting under its authority, imposes a tax, the money raised by that tax—no matter how unjust the tax may be—is not private property taken for a public purpose without just compensation within the meaning of the constitution.

The objection here, however, is not, that the levy and collection of a special tax of $1375.00 upon the lots is the taking of $1375.00 in money from the tax payers without any just compensation, either in the protection to be received from the government, or in the benefits to be conferred upon the residue of the property; but, on the contrary, the objection is, that, in the condemnation proceeding itself, a part of the lots was condemned and damage was inflicted upon the remainder without paying for the property so condemned and damaged, and without resorting to suitable means for the purpose of raising money to make such payment.

It has been held, that a provision for compensation is an indispensable attendant upon the due and constitutional exercise of the power of depriving an individual of his property under the right of eminent domain.    (*Sage* v. *City of Brooklyn,*

89 N. Y. 189).   Chancellor Kent has said, that, to render valid the exercise of the power to take private property for public purposes, "a fair compensation must, in all cases, be previously made to the individuals affected, under some equitable assessment to be provided by law."   (*Gardner* v. *Village of Newburgh*, 2 Johns. Ch. 162).   Means must be provided whereby compensation can be obtained.   (*Chapman* v. *Gates*, 54 N. Y. 132).   "Although it may not be necessary within the constitutional provision, that the amount of compensation should be actually ascertained and paid before property is thus taken, it is   *   *   *   the settled doctrine   *   *   *   that, at least, certain and ample provision must be first made by law,   *   *   *   so that the owner can coerce payment, through the judicial tribunals or otherwise, without any unreasonable or unnecessary delay."   (*The People* v. *Hayden*, 6 Hill, 359). It is necessary that the legislature, by some enactment, "make certain and adequate provision by which the owner can coerce compensation."   (2 Dillon on Mun. Corp.—4 ed.—sec. 615). Some cases have gone so far as to hold, that the remedy must be one, to which the party can resort on his own motion, and that, if the provision be such that only the public authorities appropriating the land are authorized to take proceedings for the assessment, it must be held to be void. (Cooley on Cons. Lim.—6 ed.—page 693 and cases in note 1).

In recognition of the doctrine, that proceedings for the condemnation of private property for public purposes under the right of eminent domain must be attended by legislative provision for making compensation, the General Assembly passed Section 53 of Article 9.   Under that section it has become the practice in this State to institute proceedings in accordance with sections from 18 to 51 inclusive of article 9, for the making of special assessments upon the property specially benefited by the improvement, in order to raise the amount necessary to pay the compensation for property taken.   The special assessment proceeding does not secure a complete compensation

in money, but it results in the payment of the condemnation judgment, either in whole, or in part, by offsetting against it the special benefits received by the property from the improvement.    In the recent case of *Goodwillie* v. *City of Lake View*, 137 Ill. 51, the compensation awarded to one of the property owners in the condemnation proceeding exceeded the amount assessed as special benefits in the special assessment proceeding; and it was there held that the property was properly assessed for the amount of the benefits received, but that the balance of the award should be paid by the city from its corporate funds.    In other words, where the proceeding instituted under section 53 is by special assessment, the property owner is compensated for the taking of his property, either in special benefits alone, or in special benefits and money.    If, therefore, section 53 is so construed as to authorize a proceeding by special assessment, we are not prepared to say, that it does not make such provision for compensation as will satisfy the requirement of the constitution.    But we do not think, that section 53 should be so interpreted as to justify a resort to assessment by special taxation.    Where the condemnation judgment is both for the value of the land taken and for damages to the land not taken, an assessment by special taxation of the amount of the judgment upon the land not taken, compels the property owner to pay for his own land.    In such case the special tax, imposed as it is upon the abutting residue in proportion to its frontage, falls upon property which has been judicially determined to be damaged, and which, therefore, cannot be said to have been benefited.    Hence, the provision for compensation is not adequate, and the assessment is not equitable.

It is said, that the power of taxation vested in the legislature is practically absolute; but this is only true where such power is not restrained by constitutional limitations.    While the constitution authorizes cities to make local improvements by special taxation, it at the same time forbids the taking of

private property for public purposes without just compensation. The two provisions must be construed together, and neither must be so construed as to nullify the other. We have seen, that the constitutional prohibition against the taking of private property without just compensation involves and requires some provision, which shall be ample and equitable, for raising money to pay such compensation. Where the provision so made is the levy of a tax, such tax levy is the mode of obtaining the compensation which is required to be made. Thus, the power of taxation and the right of eminent domain are made to go hand in hand. The one aids the other. The constitutional exercise of the right of eminent domain necessitates a resort to the power of taxation. The power of taxation, when thus invoked as a means of providing compensation for the taking of private property, is necessarily restricted by the constitutional requirement in regard to such taking. The taxing power must be so exercised as to give to the property owner a just compensation, and hence cannot be exercised arbitrarily. In this way, the constitutional prohibition against taking private property without just compensation, though strictly applicable only to a taking under the right of eminent domain, operates as a limitation upon the power of taxation. The prohibition requires just compensation, and therefore the assessment, which is made to effectuate the prohibition, must be so made as to realize a just compensation. Where a part of a man's lot is taken for an alley and the balance of the lot is damaged by opening the alley, special taxation of the part of the lot not taken, in proportion to its frontage as it abuts upon the alley, affords no just compensation for the loss. We are, therefore, of the opinion that section 53 does not authorize assessments by special taxation. The section is correctly entitled in the Revised Statutes of 1874 as follows: "Supplemental petition to assess benefits in condemnation case." (Hurd's Rev. Stat. of 1874, chap. 24, sec. 167; sec. 53 of Art. 9; page 240.)

The views here expressed do not materially conflict with any decision heretofore made by this court upon the subject of special taxation. The cases, to which we have been referred, are those where the improvements, sought to be made by special taxation, have been such improvements, as did not require the actual taking and damaging of property. We have sustained special taxation as a mode of raising money to build sidewalks, to grade and pave streets, to lay sewers, etc., but we know of no case, where a judgment in condemnation for land taken, and for damages to land not taken, has been assessed back by special taxation upon abutting property in proportion to frontage. An ordinance, which requires such a proceeding, is an unreasonable ordinance; and it is well settled, that city ordinances must be reasonable and not oppressive. (*City of Bloomington* v. *C. & A. R. R. Co.* 134 Ill. 451; *Village of Hyde Park* v. *Carton,* 132 id. 100; *Tugman* v. *City of Chicago,* 78 id. 405; *Craw* v. *Village of Tolono,* 96 id. 255; 1 Dillon on Mun. Corp.—4 ed.—secs. 319 and 321).

In *White* v. *The People,* 94 Ill. 604, this Court sustained the power of the legislature to provide for the construction of sidewalks in cities and villages by special tax upon the adjoining lots according to their respective frontage upon such sidewalks. But, there, the sidewalk was part of an existing street, and was unquestionably a benefit to the property of the owner, in front of whose lot it was built; nor did its construction require the taking of any part of said lot. In *Craw* v. *Village of Tolono, supra,* where it was held that there was no personal liability upon the owner of such adjoining lot to pay the special tax so levied for building a sidewalk, the majority opinion used the following language: "Serious apprehensions are expressed lest, under the power to impose special taxation upon contiguous property for local improvements, cities may, in case of very expensive improvements, abuse the power, and, under the form of its exercise, practically confiscate private property to public use. So long as it is confined to side-

walks, there is little cause for such apprehension. It will be time enough to consider the question when a case of oppression occurs." The present record reveals just such a case of oppression as is referred to in the *Craw* case. In *Allen* v. *Drew*, 44 Vt. 174, the Supreme Court of Vermont, speaking through Mr. Justice Redfield, said: "We have no doubt that a local assessment may so transcend the limits of equality and reason, that its exaction would cease to be a tax, or contribution to a common burden, and become extortion and confiscation. In that case it would be the duty of the court to protect the citizen from robbery under color of a better name." If the assessment in the case at bar is confirmed, it will amount, practically and in effect, to a confiscation of the property of these appellees. We are, therefore, of the opinion that the County Court committed no error in sustaining the objections and dismissing the petition. (*Barnes* v. *Dyer*, 56 Vermont, 469; Washington Avenue, 69 Pa. St. 352; *The People* v. *Mayor etc. of Brooklyn*, 4 N. Y. 419; *Lowerce* v. *City of Newark*, 38 N. J. Law Rep. 151; *Harwood* v. *City of Bloomington*, 124 Ill. 48; *Macon* v. *Patty*, 57 Miss. 378; *State (Mulligan)* v. *City of Perth Amboy*, 52 N. J. Law, 132; *State* v. *District Court, etc.* 29 Minn. 62; *Genet* v. *City of Brooklyn*, 99 N. Y. 296). The judgment of the County Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG: I think this opinion in conflict with former decisions of the court, and I do not concur in the judgment.