## THE CITY OF CHICAGO
### v.
## HARRY S. MECARTNEY.

*Opinion filed June 23, 1905—Rehearing denied October 5, 1905.*

1. APPEALS AND ERRORS—*when finding of fact cannot be questioned for insufficiency of evidence.* A finding of fact in a judgment cannot be questioned upon the ground of an insufficiency of the evidence to sustain it where there is no bill of exceptions in the record.

2. SAME—*when bill of exceptions is not necessary.* A bill of exceptions is not necessary to the consideration of an alleged error which already appears in the record and judgment of the court.

3. EMINENT DOMAIN—*extent to which special benefits to property may be considered by jury.* In a condemnation proceeding to open a street the jury may consider the question of special benefits from the proposed improvement only to the extent of offsetting or reducing the damages to that portion of the property not actually taken for the improvement.

4. SPECIAL ASSESSMENTS—*effect of condemnation judgment on subsequent special assessment.* A verdict and judgment in a condemnation proceeding to open a street, finding damages to property not actually taken, are a bar to a subsequent assessment of such property to pay for the improvement, but the verdict and judgment merely finding that there are no damages to property not taken are not a bar to such an assessment.

5. SAME—*when property not taken for an improvement may be specially assessed.* One whose land is condemned for opening a street must be paid full value for that part of the land which is actually taken, but if the part which is not actually taken is enhanced in value by reason of the improvement it may be specially assessed, under the constitution, to pay for the improvement.

MAGRUDER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. O. P. THOMPSON, Judge, presiding.

WILLIAM M. PINDELL, (ERGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for plaintiff in error.

Enoch J. Price, for defendant in error.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Plaintiff in error filed a petition in the circuit court of Cook county to condemn thirty-seven feet off the east side of lands owned by the defendant in error and other persons, for widening South Park avenue, under the provision of article 9 of the City and Village act providing for making local improvements by special assessment. On a trial by jury there was a verdict awarding $7474.88 as compensation for the thirty-seven feet taken from lots owned by defendant in error and finding that there was no damage to the remainder. Plaintiff in error afterward filed a supplemental petition for a special assessment upon property benefited by the improvement to pay the total compensation awarded to all the owners, with the costs and expenses. Commissioners were appointed by the court to make such assessment, and an assessment roll was returned into court amounting to $21,-233.81. Lots 1 to 8, inclusive, in Edgar M. Snow & Co.'s subdivision, platted subsequent to the condemnation, owned by defendant in error, were separately assessed in amounts aggregating $9017.64. Defendant in error filed numerous objections to the assessment, one of which was that the benefits had already been paid in the condemnation proceedings, and after a trial by jury, in which the issues were found for the plaintiff in error, a new trial was granted, and the defendant in error, by leave of court, filed an amended objection, as follows: "The former judgment of condemnation (to which this proceeding is limited) finding the value of the portions of lots 15 and 16 in said block 2, Yerby's subdivision aforesaid, and also finding no damages to the parts of said premises not taken, necessarily included a consideration of the question of special benefits to the part not taken; secondly, evidence was in fact taken as to such benefits and considered by the jury as an offset to damages to the parts not

taken, and the objector pleads said judgment in bar to this proceeding and shows that the same is *res judicata* as respects the subject matter of this proceeding." The cause was then heard by the court without a jury, and a judgment was entered in favor of the defendant in error refusing confirmation of the assessment and dismissing the petition as to his lots. The judgment so entered contained the following finding: "In the original condemnation proceedings in this case the benefits to the property in question hereinabove mentioned were, under the issues there presented, involved, considered and determined, and having been litigated in that case cannot again be the subject of litigation. The city is estopped by the former verdict and judgment, and the court, for the reasons aforesaid, finds the issues for the said objector." The writ of error in this case was sued out to review that judgment.

There is no bill of exceptions in the record, and for that reason the finding of fact that in the original condemnation proceedings the benefits to the property in question were presented, involved, considered and determined cannot be questioned on account of any insufficiency of the evidence to sustain such finding. The court will not inquire into the sufficiency of the evidence to support a finding unless there is an exception preserved in a bill of exceptions. The office of a bill of exceptions is to preserve in the record such matters as occur during a trial which would not otherwise become a part of the record, and as to such matters an alleged erroneous ruling or finding must be excepted to and the exception preserved in a bill of exceptions. (*Martin* v. *Foulke,* 114 Ill. 206; *Firemen's Ins. Co.* v. *Peck,* 126 id. 493; *Cochran* v. *Village of Park Ridge,* 138 id. 295.) But no bill of exceptions is necessary where the error appears in the record and judgment of the court. (*Kitchell* v. *Burgwin,* 21 Ill. 40; *VanDusen* v. *Pomeroy,* 24 id. 289; *Wiggins Ferry Co.* v. *People,* 101 id. 446; *McChesney* v. *City of Chicago,* 151 id. 307.) The error alleged in this case appears in the record,

which shows that there was an original condemnation proceeding, in which compensation was awarded for a part of the lots taken to widen the street and the jury found that there were no damages to the remainder. The objection of defendant in error was based on that verdict, and alleged that the judgment was *res judicata* in this proceeding. If, as a matter of law, the amount of special benefits accruing to the property of defendant in error could have been considered and determined in the condemnation proceeding by a verdict finding that there was no damage to such property, so that the judgment entered on such verdict would become *res judicata* of the question raised in this case, the finding of the court that such special benefits were presented, considered and determined must be regarded as conclusive. On the other hand, if no such question could have been determined by such verdict and no judgment could have been or was entered assessing the benefits to the property, then, as a matter of law, this judgment is wrong.

The issues in the condemnation case were different from the issues in this case. The petition for condemnation prayed that the just compensation to be paid for private property to be taken for the improvement should be ascertained by a jury. The jury were required by law to ascertain such just compensation to be paid for the property taken, and the damages, if any, to the residue, but not to assess benefits, however great such benefits might be in excess of any damages sustained. The benefits to the property not taken could not be set off against the compensation to be paid for the land taken, as has been decided in numerous cases. The jury awarded compensation for the thirty-seven feet taken for widening the street, and were bound to allow the full value without deducting benefits. When the jury came to consider the question whether the portion of the property not taken was damaged they were limited to that single question. On that question they were authorized to consider any special benefits for the purpose of reducing or balancing

damages, but that was only for the purpose of determining whether the remaining property was damaged and the amount of such damage. The consideration of special benefits to property claimed to be damaged but not taken goes only to the extent of offsetting or balancing damages. The measure of damages is the reduction in value of the residue of the tract by reason of the improvement, and if the residue will be worth less, the difference is to be allowed as damages. But if there are special benefits rendering it far more valuable they cannot be charged to the owner or recovered from him. As was said in *Page* v. *Chicago, Milwaukee and St. Paul Railway Co.* 70 Ill. 324: "This is not deducting benefits or advantages from damages, but it is ascertaining whether there be damages or not." If it is found that the special benefits accruing equal the damages the owner can not recover anything, for the simple reason that there are no damages. If the benefits are less than the damages the owner will be entitled to recover the excess as his just compensation, which is only saying that upon considering the value of the property before and after the improvement there is a certain amount of damage. (*Harwood* v. *City of Bloomington,* 124 Ill. 48; *Goodwillie* v. *City of Lake View,* 137 id. 51; *Leopold* v. *City of Chicago,* 150 id. 568.) If the jury in a condemnation proceeding award damages for property not taken the judgment is conclusive against a subsequent proceeding to assess it for benefits, because the judgment is conclusive that there are damages and not benefits; but where a jury simply find that there are no damages, the verdict and judgment are not and cannot be conclusive that there are no benefits. The fact that property is greatly benefited and doubled in value by an improvement is not inconsistent with a verdict that it is not damaged, but perfectly consistent with it. It would seem to be an absurdity to say that the finding of a jury that the property of defendant in error was not damaged was also a finding that it was not benefited—a question which the jury could not legally consider,

The purpose and effect of this proceeding are different. The commissioners were required to assess against the lots of defendant in error the benefits that would accrue from the improvement. They were not authorized to award damages for depreciation of the lots resulting from the taking of a part of them, the fact that there were no damages having been determined in the condemnation proceeding. (*Leopold* v. *City of Chicago, supra.*) As to the case just cited, it may be said that the legal principles stated in the opinion are correct and in accordance with previous decisions, although the conclusion drawn from them is perhaps a *non sequitur* which should not be followed. In the assessment roll the property of the defendant in error was assessed $9017.64 for benefits accruing from the improvement. Assuming that the property is benefited to the amount assessed, his reply is that those benefits have already been considered and allowed by the verdict of the jury that his property was not damaged. Manifestly, the verdict and judgment in the condemnation case could have no such legal effect. The jury in that proceeding could not have returned a verdict for such benefits or the court have entered a judgment under which plaintiff in error could have recovered them. Such a judgment would have been unauthorized by law and beyond the power of the court. Plaintiff in error, in the condemnation proceedings, was entitled to offset benefits against damages not exceeding the amount of damages, but the jury did not return any finding that there were or were not any benefits, but only that there were not damages. While, under the constitution, benefits cannot be offset against compensation for land taken and the owner must be paid in money the full value of land taken, the constitution authorizes the General Assembly to vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment. In the condemnation proceeding the owner must be paid the full value of his property which is taken for public use, but if a part, only, is taken and the remainder is

enhanced in value by the improvement it may be specially assessed, under the constitution, to pay for the improvement. If a proceeding is instituted for such special assessment the requirement of the constitution for compensation is satisfied. (*Goodwillie* v. *City of Chicago, supra; City of Bloomington* v. *Latham,* 142 Ill. 462.) The verdict of the jury in the condemnation proceeding finding that the property of the defendant in error was not damaged, and the judgment entered in pursuance of such verdict, did not and could not legally settle the question whether there were benefits to the property or not. It is in no manner inconsistent with the verdict and judgment that there are substantial benefits and the property is greatly enhanced in value. The finding that benefits were considered in the condemnation proceeding cannot be regarded as a finding that defendant in error was charged with any excess of benefits above damages, since that could not be done, but only as a finding that benefits were considered as offsetting or balancing damages. The judgment must therefore be reversed for error apparent in the record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*


Mr. JUSTICE MAGRUDER, dissenting:

This is a supplemental petition, filed by the city of Chicago on February 20, 1897, under section 53 of article 9 of part 1 of the City and Village act, (1 Starr & Curt. Ann. Stat.—2d ed.—p. 778,) praying that steps be taken for an assessment to raise the money necessary to pay the compensation and damages, theretofore awarded for property taken or damaged for opening South Park avenue from Fifty-fifth street to Fifty-sixth street. An assessment roll was finally filed on July 17, 1897, which assessed the total sum of $9017.64 as special benefits upon the land herein involved remaining after taking the east thirty-seven feet under the description of sub-lots 1 to 8 in Edgar M. Snow & Co.'s subdivision, etc. Various objections were filed to the assessment

by defendant in error. On the issues found, trial was had before the circuit court without a jury, and finding was made and judgment was rendered, refusing confirmation of the assessment and dismissing the petition as to the land herein involved. This writ of error is sued out for the purpose of reversing such judgment of confirmation.

Among the objections, filed to the confirmation of the assessment in this supplemental proceeding, was the objection that the defendant in error, owner of the property condemned in the condemnation proceeding, has, by virtue of the judgment in that proceeding under the issues therein submitted to the jury, already paid for the special benefits to the land not taken for the improvement, in that the verdict and judgment of condemnation, finding the value of the land taken, and also finding no damages to the parts of said land not taken, included a consideration of the question of special benefits to the parts not taken; and that evidence was in fact taken therein as to such benefits, and considered by the jury as an offset to damages to the parts not taken; "and the objector pleads said judgment in bar of this proceeding, and shows that the same is *res judicata* as respects the subject matter of this proceeding."

In other words, the defense, made in this supplemental proceeding, is that in the condemnation proceeding the amount of special benefits to the land of defendant in error, which was not taken, and which is here sought to be assessed, was passed upon in determining the damages to the land not taken, and that, therefore, the question of such benefits is *res judicata,* and cannot be again litigated in this supplemental proceeding.

It has been held by this court that, in a condemnation proceeding, benefits to the property not taken cannot be set off against the compensation to be paid for the land actually taken, but that, in determining the amount of damages to land not taken for public use, special benefits to the property damaged may be set off against the damages accruing to the

property. (*Leopold* v. *City of Chicago,* 150 Ill. 568; *Concordia Cemetery Ass.* v. *Railroad Co.* 121 id. 199.) In *Leopold* v. *City of Chicago, supra,* we said (p. 572): "In the condemnation proceeding the court properly instructed the jury, as we have seen it did, that in determining whether the taking of a portion of the lot materially impaired the value of the remaining part not taken, the jury must consider all special benefits accruing from the proposed improvement to the part not taken. If it be found that the special benefits thus accruing equal the damages, the owner can recover nothing; if, however, the benefits are less than the damages occasioned, the owner will be entitled to recover the excess as his just compensation for the damage to his land, and provision must be made for the payment thereof." (*Goodwillie* v. *City of Lake View,* 137 Ill. 51.) In *Goodwillie* v. *City of Lake View, supra,* it affirmatively appeared that, in the condemnation proceeding, the amount of the special benefits, accruing to the land of the objector not taken, was in issue, and the question as to such amount was submitted by the court to the jury, and, the benefits having been there set off against damages to the part of the land not taken, it was held that an attempt to raise money to pay for the property taken or damaged by the assessment of special benefits on the same land under section 53 of article 9 of the City and Village act, and thus require the owner to pay the benefit twice, was in palpable violation of the constitution; and that the recovery of special benefits in such a condemnation proceeding will estop the city from again imposing the same by way of special assessment upon the same property; and that the land owner could not be required to pay twice the special benefits to his property.

The question then arises, whether, in the case at bar, special benefits were set off against damages to the part of the land of defendant in error, which was not taken in the condemnation suit. The judgment in the case at bar in this supplemental proceeding, confirming the assessment, was entered on June 22, 1901, *nunc pro tunc* as of the 13th day of May,

1901, and, after reciting that the court had heard the evidence both on the objections usually triable by the court alone, and by stipulation of the parties had also heard the evidence upon the issues usually triable by a jury, the circuit court rendered the following judgment: "In the original condemnation proceedings in this case the benefits to the property in question hereinabove mentioned were, under the issues there presented, involved, considered and determined, and, having been litigated in that case, cannot again be the subject of litigation; the city is estopped by the former verdict and judgment; and the court for the reasons aforesaid finds the issues for the said objector, and that as to said objector, and as to said premises the application for judgment of confirmation should be refused and the petition for a special assessment should be dismissed; and to the above findings the said city of Chicago by its counsel here and now excepts, and moves the court to grant a new trial herein, which motion by the court is here and now overruled and denied, to the overruling and denying of which said motion said city of Chicago, by its counsel, here and now excepts, whereupon it is ordered and adjudged by the court that, as to the objections filed by said Harry S. Mecartney to the said special assessment petition and the assesment roll, and filed on behalf of the premises described as lots 1 to 8, *   *   * judgment of confirmation of the assessment roll is refused, and judgment is hereby rendered for the objectors, and the said petition as to the said premises is hereby dismissed, and from the aforesaid judgment and order the said city of Chicago prays an appeal to the Supreme Court of Illinois," etc.

It will be observed that the judgment of confirmation finds as a fact, that in the condemnation proceeding the benefits to the property in question "were under the issues there presented involved, considered and determined." Whether the benefits to the property in question were presented, involved, considered and determined in the condemnation proceeding was a question of fact. There is no bill of exceptions

in this record, and, therefore, we cannot know what the evidence was, upon which the circuit court decided the question of fact above indicated. None of the evidence is preserved. It must, from the recital in the judgment, have been made to appear to the trial court that the benefits to the property in question were involved, considered and determined in the condemnation proceeding, and this court will presume in support of the judgment that such evidence was heard.

In *Kelly* v. *City of Chicago*, 148 Ill. 90, we said (p. 93) : "There is in this case no bill of exceptions containing the evidence, upon which the court acted in overruling objections 2, 3 and 4, or upon which the jury rendered their verdict, and in its absence from the record it must be presumed the facts shown were sufficient to sustain the finding. The presumption of the correctness and regularity of judicial proceedings will obtain until error therein is shown by the record."

In *Boyles* v. *Chytraus*, 175 Ill. 370, we said (p. 373) : "There being no bill of exceptions in the case, the presumption arises that the necessary proof was introduced in the court below to sustain the findings of the judgment, and the allegations of the pleadings. * * * Where a court of superior general jurisdiction has proceeded to adjudicate and render judgment in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction." (*Osgood* v. *Blackmore*, 59 Ill. 261). The portion of the judgment which recites that such benefits "having been litigated in that case cannot again be the subject of litigation, (and) the city is estopped by the former verdict and judgment," is a conclusion of law, but is a conclusion which necessarily follows from the fact stated, and does not in any way militate against the finding of the fact as indicated above.

The fact of the absence of a bill of exceptions is sought to be avoided by the contention, that the proceedings in the condemnation case are a part of the record in the supplemental assessment proceeding, and that it was not necessary

to embody such proceedings in a bill of exceptions. The petition in the condemnation proceeding; and the verdict of the jury, and the judgment of condemnation therein do appear in the present record, but they are mere surplusage, and can not be taken notice of by this court, because they are not presented to the court by a bill of exceptions.

This court has held in a number of cases that, as between the condemnation judgment and the supplemental proceeding instituted under section 53 of article 9, the supplemental proceeding is collateral to the condemnation judgment. (*Goodwillie* v. *City of Lake View,* 137 Ill. 51; *Gage* v. *City of Chicago,* 146 id. 499; *Newman* v. *City of Chicago,* 153 id. 469; *Philadelphia and Reading Coal Co.* v. *City of Chicago,* 158 id. 9; *Harris* v. *City of Chicago,* 162 id. 288; *LeMoyne* v. *City of Chicago,* 175 id. 356; *Dickey* v. *City of Chicago,* 152 id. 468; *Bass* v. *People,* 203 id. 206; *Thomas* v. *City of Chicago,* 204 id. 611).

In *Goodwillie* v. *City of Lake View, supra,* we said (p. 62) : "Although a supplemental petition is filed in the condemnation proceeding, the relief sought thereby is supplemental and collateral to the proceeding in which the judgment of condemnation was rendered, and the questions arising in the original proceeding cannot be re-litigated upon the supplemental petition. It is for a distinct, separate purpose,—that is, to raise funds to pay the judgment already entered. In the condemnation proceeding the court had jurisdiction of the subject matter and of the persons of appellants, and the judgment therein was binding and conclusive upon them, and they cannot be permitted to attack it thus collaterally."

In *Bass* v. *People, supra,* we said (p. 208) : "The supplemental proceeding is collateral to the one on which the judgment of condemnation was rendered, and the questions involved in the original proceeding cannot be re-litigated on the supplemental petition for a special assessment, but if the condemnation judgment is entered without jurisdiction it

may be collaterally attacked in the proceeding to confirm the special assessment." In *Goodwillie* v. *City of Lake View, supra,* we also said: "The judgment in the condemnation proceeding was final, conclusive and binding upon the appellants, and all others who were parties thereto, until reversed, vacated or set aside in some direct mode known to the law;" and this being so, the party, who desires to use the proceedings in the condemnation proceeding as evidence in the supplemental proceeding, must introduce the papers and records in the condemnation proceeding in evidence, and embody them in the record by a bill of exceptions.

In *Gage* v. *City of Chicago, supra,* where there was an application for the confirmation of a special assessment made for the purpose of raising money to pay the compensation for land condemned for a street, an objection was made that the description of the land condemned was illegal and void, and there, in discussing that objection, the court say (p. 503) : "On examining the verdict, as the same was offered in evidence and is preserved in the bill of exceptions in this case, we find that, while the description which it gives of the land condemned is somewhat informal, it is not so imperfect as to make the identity of the land intended to be described at all uncertain." It thus appears that in the *Gage case, supra,* the verdict in the condemnation proceeding was introduced in evidence, and preserved by a bill of exceptions.

In *Leopold* v. *City of Chicago, supra,* where a supplemental petition was filed under section 53, the objectors offered in evidence therein the petition for condemnation filed by the city, the instructions to the jury, the verdict of the jury, and the judgment in the condemnation proceeding; and also offered evidence to prove that, upon the trial in the condemnation proceeding, evidence was introduced of the damages and the extent thereof to the part of the land not taken, and also evidence, tending to show that the special benefits accruing from the improvement to the part of the land not taken would equal the damages sustained by it, and

that, therefore, the remainder of said lot would not be damaged; which evidence the trial court excluded, and thereupon it was held by this court that the trial court "erred in excluding the record in the condemnation proceeding and the offered evidence."

Counsel for plaintiff in error rely upon the case of *Guild* v. *City of Chicago*, 82 Ill. 472, as sustaining their contention that the petition, verdict and judgment in the condemnation proceeding are a part of the record in the supplemental assessment proceeding, and need not be presented by a bill of exceptions. . In that case, however, although the court refer to section 53, which speaks of the assessment as being in "the same proceedings" as the proceeding for condemnation, it appeared that, on the trial below, the ordinance, attached to the petition for condemnation, was recognized and treated by both parties as a part of the record. But the case of *Guild* v. *City of Chicago, supra,* was referred to and commented upon by the late Mr. Justice BAKER in the case of *Philadelphia and Reading Coal Co.* v. *City of Chicago, supra,* in reference to the very point here involved, it being said in that case (p. 15) : "It is true the supplemental petition is filed 'in the same proceeding;' but this is a mere matter of convenience, and is done only by virtue of a direct authority given by the statute. (Chap. 24, art. 9, sec. 53). And although this court in *Guild* v. *City of Chicago*, 82 Ill. 472, says, 'this assessment was in the same proceeding,' yet it also there speaks of 'the original petition in the condemnation proceeding' and 'the supplemental petition in the assessment proceeding.' This was because there were two distinct and particular suits or proceedings, but joined or yoked together, as we have seen, simply for purposes of convenience." If the condemnation proceeding and the supplemental assessment proceeding are distinct suits, then the proceedings in the condemnation case are not necessarily a part of the record in the supplemental assessment case, and must be introduced in evidence and presented in a bill of exceptions. This was not done

here, and, therefore, although the verdict and judgment in the condemnation proceeding appear in this record, they are mere surplusage and must be disregarded.

In *Thrifts* v. *Fritz*, 101 Ill. 457, which was an appeal by an alleged purchaser of mortgaged premises at a master's sale—who was also a party complainant to the bill to foreclose, he holding the senior mortgage—from a decree requiring him to pay the difference between the amount bid by him and the amount realized on a re-sale, it was held that the original record in the proceedings to foreclose could not be considered by this court as evidence of any facts, unless offered in evidence in the proceeding against the purchaser and preserved in the record of that case by bill of exceptions or certificate of the judge; and it was also there held that, in such case, the motion or petition to enforce the liability of the purchaser was a separate and independent proceeding, and essentially a new proceeding and not the same as the one in which the sale was ordered, and that the transcript of the proceeding in the latter "finds no appropriate place with the record" in the former.

It is contended by the plaintiff in error that the verdict and judgment in the condemnation proceeding show that the benefits to the property in question and here involved were not, under the issues in the condemnation proceeding there presented, involved, considered and determined. It is unnecessary to discuss the question whether this contention is well founded or not in view of the facts that the judgment in the supplemental assessment proceeding finds to the contrary, and that the proceedings in the condemnation case are not before us by being embodied in a bill of exceptions.

Accordingly, I think that the judgment of the circuit court, sustaining the objections of defendant in error and dismissing the supplemental proceeding as to him and his property, should be affirmed.