THE PEOPLE *ex rel.* Charles B. Kellogg, County Collector, Appellee, *vs.* C. FRED BURRALL, Appellant.

*Opinion filed April 19, 1913—Rehearing denied June 4, 1913.*

1. DRAINAGE—*when party may object that lands in farm drainage district are not benefited.* Where a district is organized under the Farm Drainage act a land owner may object, upon application for judgment and order of sale, that the lands are not benefited by the improvement, but in order to make his objection available he must show by affirmative evidence the assessment exceeds benefits.

2. SAME—*rules governing condemnation apply to condemnation proceedings in drainage cases.* The same rules which govern the condemnation of private property for public purposes apply to proceedings to ascertain the damages to a land owner whose land is condemned under the statutes concerning drainage.

3. SAME—*owner is entitled to compensation in money for land actually taken.* One whose land is condemned for the ditches of a drainage district is entitled to compensation in money for so much of the land as is actually taken, without reference to any benefits that may accrue to lands not taken.

4. SAME—*damages to land not taken may be paid by setting off special benefits.* In a condemnation proceeding, damages resulting to land not actually taken may be paid by setting off special benefits to such land resulting from the proposed improvement.

5. SAME—*when a judgment based upon award is conclusive of question of benefits.* Where the question of benefits resulting from a proposed improvement to lands not taken is undetermined and is open for consideration by the tribunal that is called upon to assess damages under the Eminent Domain act, and such tribunal awards damages to the land owner other than for the land actually taken, a judgment based upon the award is conclusive of the question of benefits to the land not taken.

6. SAME—*when a judgment based upon condemnation award is not conclusive of question of benefits.* Where the benefits against a tract of land in a farm drainage district have been assessed by an authorized tribunal several months before a proceeding is begun to condemn a right of way through such tract for ditches the jury in the condemnation proceeding has nothing to do with the question of benefits; and the fact that the jury makes an award for the land taken and for damages to that not taken does not make the judgment entered on the award conclusive of the question of benefits to the land not taken, and the judgment does not operate as a release of the assessment against the land.

7. SAME—*when judgment should not be entered against entire forty-acre tract.* Where a farm drainage assessment has been levied against an entire tract of forty acres, several acres of which are subsequently taken for ditches, it is error, on an application for judgment and order of sale for a delinquent installment of the assessment, to enter judgment against the entire tract, notwithstanding it appears that a reduction was made in the rate at which the land was classified.

APPEAL from the County Court of Henry county; the Hon. L. E. TELLEEN, Judge, presiding.

H. A. WELD, for appellant.

CHARLES E. STURTZ, State's Attorney, HENRY WATERMAN, and GEORGE S. SKINNER, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The collector of revenue for Henry county made application to the county court for judgment against certain lands owned by C. Fred Burrall for a delinquent drainage tax levied upon his lands by the Green River Special Drainage District in Henry and Bureau counties. Burrall appeared and filed the following objections: First, that the lands were not benefited by the improvement; second, that the judgment in the condemnation case was an adjudication that said lands were not benefited by the proposed improvement; third, that the lands taken by the district for a right

of way for ditches were not subject to assessment. These objections were all overruled by the court, and the land owner has prosecuted an appeal.

The first objection presents a question of fact. The drainage district in question was organized under the Farm Drainage act, and since the land owner had had no previous opportunity to raise this question it was properly raised on the application for judgment. (*People* v. *Welch*, 252 Ill. 167.) But in order to make this objection available it is necessary to show by affirmative evidence that the assessment exceeds the benefits. There being no evidence offered in support of this objection it was properly overruled.

The second objection is a question of law, arising out of the following facts: The Green River Special Drainage District was organized in 1904 under the Farm Drainage act of 1895. On June 13, 1905, the commissioners filed a certificate certifying that they required $420,006.16 to be levied as a special assessment for drainage purposes on the lands benefited in the district. Appellant owned 160 acres of land in the district subject to a life estate in Ann C. Burrall. The land in question was in a compact body, and is described as the west half of the south-west quarter of section 8 and the east half of the south-east quarter of section 7. The classification of 80 acres of appellant's land was reduced on objections filed alleging that the classification was too high. This hearing upon the classification was had prior to August 1, 1905. On that date the commissioners made an order directing the clerk of the district to compute and apportion the assessment for the amount stated in the certificate upon the several tracts of land in the district according to their acreage, on the basis of the corrected classification. In pursuance of this order the total tax levied against the 160 acres in question was $2546.86. On November 5, 1905, the commissioners of the district made an order postponing the payment of the assessments then

unpaid, divided the assessments into ten installments, and directed the issuance of bonds, secured by the unpaid installments, to the amount of $221,000, to be divided into ten installments of $22,100 each, one series of which matured each year, beginning with 1911. These bonds were sold to various investors. Of these bonds $198,900 was outstanding and unpaid at the time application was made for judgment against appellant's lands. By the death of Ann C. Burrall, which occurred in October, 1911, the life estate expired and appellant became entitled to the full enjoyment of the premises in fee. Ann C. Burrall had paid the interest on the assessments on said lands maturing from year to year, and also a supplemental assessment, from the time the levies were first made up to 1912, except the third installment of the third assessment, which became delinquent in 1911 and for which the land was sold in June of that year. Appellant redeemed the premises in question from said sale. The record shows that on April 5, 1906, which was some eight months after the assessment had been spread upon these lands, the commissioners filed a petition in the county court to condemn a right of way three hundred feet wide across the 160 acres in question for the main ditch of the district. By the verdict of the jury in that proceeding $600 was awarded as compensation to Ann C. Burrall and C. Fred Burrall for the land taken for right of way and damages to that portion of said 160 acres not taken. Judgment was entered upon this verdict and the $600 was paid by the district. The record shows that the district took possession of the premises condemned and appropriated 18.60 acres for said ditch.

Under the foregoing facts, appellant by his second objection makes the contention that the verdict and judgment in the condemnation proceeding are conclusive of the question of benefits to these premises. The same rules which govern the condemnation of private property for other pub-

lic purposes apply to proceedings to ascertain the damages accruing to a land owner whose property is condemned under the drainage statute. (*Chronic* v. *Pugh*, 136 Ill. 539; *Payson* v. *People*, 175 id. 267; *Ginn* v. *Moultrie Drainage District*, 188 id. 305.) One of the rules applicable, generally, to condemnation proceedings is, that the owner of private property which is actually taken for a public use is entitled to compensation in money for the property so taken without reference to any benefits that may accrue to property not taken. (*Hayes* v. *Ottawa, Oswego and Fox River Valley Railroad Co.* 54 Ill. 373; *Washington Ice Co.* v. *City of Chicago*, 147 id. 327; *Ginn* v. *Moultrie Drainage District, supra.*) It is equally well settled that damages resulting to lands not taken may be paid by setting off special benefits resulting from the proposed improvement. In a case where the benefits to land not taken is undetermined and is open to consideration in the tribunal that is called upon to assess damages under the Eminent Domain law, and such tribunal awards damages to the land owner other than for the land actually taken, a judgment based upon such award is conclusive of the question of benefits to the lands not taken. (*City of Chicago* v. *Mecartney*, 216 Ill. 377; *City of Joliet* v. *Drainage District*, 222 id. 441.) The grounds upon which these decisions rest are stated by this court in *City of Chicago* v. *Mecartney, supra,* as follows (p. 381) : "If the jury in a condemnation proceeding award damages for property not taken the judgment is conclusive against a subsequent proceeding to assess it for benefits, because the judgment is conclusive that there are damages and not benefits." This doctrine rests upon the power and duty of the tribunal in the condemnation proceeding to consider both the damages and benefits to the land not taken, and after judgment awarding damages it is conclusively presumed that any benefits resulting to the premises have been considered in reduction of the damages and that the verdict represents the net amount of damages

in excess of any benefits that will accrue to the land owner or to the premises. Manifestly, this rule can have no application to a case where the benefits have been assessed by an authorized tribunal before the condemnation proceeding was instituted. In the case at bar the benefits had been assessed against appellant's lands several months before the condemnation proceeding was commenced. Under this state of facts the jury in the condemnation proceeding had nothing to do with the question of benefits. The only question that could have been submitted to that jury was the damages for the land taken and any damages resulting to lands not taken, without reference to the question of benefits, which had already been determined and fixed. It would be absurd to hold that a judgment for $600 in the condemnation proceeding had the effect of releasing the 160 acres of land from benefits previously assessed, exceeding $2500, and yet that would be the result if appellant's contentions were sustained. If the objection now under consideration is valid as against the tax for which judgment was sought, it would be equally so as to any subsequent years. The court did not err in overruling appellant's second objection.

Under the third objection it was shown that 18.60 acres of the appellant's lands were actually taken for a drainage ditch. The assessment is against the entire forty-acre tracts, including the lands taken for the ditch. Appellee contends that there had been a reduction made in the classification of appellant's land by reason of the fact that a portion of it was taken for a drainage ditch. It does appear that a reduction had been made in the rate at which appellant's lands were classified, but that does not answer the objection. The fact remains that the tax for which judgment is asked in this proceeding is against the entire tract. It may be that the amount of the tax has been reduced, but the judgment rendered from which this appeal is prosecuted is against the lands taken for the ditches as well

as those which remain. This was error. *Morgan Creek Drainage District* v. *Hawley,* 240 Ill. 123.

The judgment of the county court of Henry county is reversed and the cause remanded.

*Reversed and remanded.*